Argued and submitted January 5, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings March 25, 2010

STATE OF OREGON,
*Respondent on Review,*

*v.*

MICHAEL PAUL BLAKE,
*Petitioner on Review.*

(CC 041136416; CA A131739; SC S057117)

228 P3d 560

George W. Kelly, Eugene, argued the cause and filed the brief for petitioner on review.

Michael R. Washington, Senior Assistant Attorney General, argued the cause and filed the brief for respondent on review. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Anne Fujita Munsey, Senior Deputy Public Defender, Salem, argued the cause and filed a brief for *amicus curiae* Office of Public Defense Services. With her on the brief were Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender.

Before De Muniz, Chief Justice, and Gillette, Durham, Balmer, Walters, and Linder, Justices.**

WALTERS, J.

** Kistler, J., did not participate in the consideration or decision of this case.

## WALTERS, J.

The issue in this criminal case is whether the trial court should have merged defendant's guilty verdicts for one count of forgery in the first degree, ORS 165.013(1)(a), and one count of criminal possession of a forged instrument in the first degree, ORS 165.022(1), when both counts were based on the single act of attempting to make a purchase with a forged $100 bill. The trial court entered a judgment of conviction on two counts, and the Court of Appeals affirmed without opinion. *State v. Blake*, 225 Or App 501, 201 P3d 941 (2009). We allowed review and now reverse and remand to the circuit court for further proceedings.

The facts are straightforward. Defendant attempted to purchase groceries using forged currency, namely, a counterfeit $100 bill. Subsequently, the state charged defendant with one count of forgery in the first degree (forgery), ORS 165.013(1)(a), and one count of criminal possession of a forged instrument in the first degree (criminal possession of a forged instrument), ORS 165.022(1).[1] A jury found defendant guilty of both charges. At sentencing, defendant's attorney unsuccessfully argued that the two guilty verdicts should merge into a single conviction for forgery. As noted, the Court of Appeals affirmed without opinion.

On review, the state maintains that the two guilty verdicts are separately punishable and should result in a judgment of conviction on two counts under ORS 161.067(1), which provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

---

[1] The factor that makes both crimes first-degree offenses is that the forged instrument "is or purports to be [p]art of an issue of money." *Compare* ORS 165.007 (forgery in the second degree) *with* ORS 165.013 (forgery in the first degree) and ORS 165.017 (criminal possession of a forged instrument in the second degree) *with* ORS 165.022 (criminal possession of a forged instrument in the first degree). The nature of the forged instrument is not at issue here, and, for readability, we refer to the crimes of which defendant was found guilty without repeating that those crimes were first-degree offenses.

Defendant, on the other hand, asserts that, under ORS 161.067(1), only one separately punishable offense exists and that the judgment of conviction therefore should be entered on only one count—forgery.

■ When the defendant has engaged in acts that constitute "the same conduct" or that are part of the "same criminal episode," ORS 161.067(1) makes each statutory violation a separately punishable offense when two circumstances exist: (1) the defendant's acts violate "two or more statutory provisions"; and (2) each statutory provision requires "proof of an element that the others do not."

The parties in this case agree that the conduct that gave rise to the two charges against defendant constituted the same conduct, and thus there is no question that ORS 161.067(1) applies. The first circumstance necessary to determine whether defendant committed more than one separately punishable offense is whether defendant's action violated two or more statutory provisions. Where the legislature defines each crime in a separately numbered and labeled statutory section, as it does in this instance, it is difficult to see how those sections can be anything other than separate statutory provisions for purposes of ORS 161.067(1). *See State v. Parkins*, 346 Or 333, 354-55, 211 P3d 262 (2009) (so stating with respect to separate statutory sections defined as different degrees of incrementally graded offense and assigned different punishments); *State v. White*, 346 Or 275, 294, 211 P3d 248 (2009) (Kistler, J., concurring) (explaining reasons that separate statutory sections should be treated as separate statutory provisions for purposes of ORS 161.067(1)). We need not decide, however, whether the particular format that the legislature used here is determinative of its intent. For a court to find separate punishable offenses under ORS 161.067(1), the state also must establish that each statutory provision requires proof of an element that the other does not. Because we conclude that the state cannot establish that second circumstance here, we decline to further examine the first.

■ As noted, when ORS 161.067(1) is applicable, the second circumstance necessary to a finding of separately punishable offenses is that each statutory provision must

require proof of an element that the other does not. That circumstance was at issue in *State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989). There, the court concluded that first-degree rape and third-degree rape each incorporated an element that the other did not, because the former included the element of forcible compulsion, and the latter included the element of the victim's age. *Id.* at 279-80. In contrast, if one offense contains X elements, and another offense contains X + 1 elements, the former offense does not contain an element that is not also found in the latter offense.[2] In that situation, under ORS 161.067(1), there is only one separately punishable offense.

Defendant argues that criminal possession of a forged instrument under ORS 165.022(1) contains only elements that are also found in the offense of forgery under ORS 165.013(1) and therefore that, under ORS 161.067(1), there is only one separately punishable offense. To test that argument, we must compare the elements of each offense.

ORS 165.013(1)(a)(A) defines the crime of forgery and provides:

> "A person commits the crime of forgery in the first degree if the person violates ORS 165.007 [a]nd the written instrument is or purports to be * * * [p]art of an issue of money * * *."

ORS 165.007(1), in turn, provides:

> "A person commits the crime of forgery in the second degree if, with intent to injure or defraud, the person:
>
> "(a) Falsely makes, completes or alters a written instrument; or
>
> "(b) Utters a written instrument which the person knows to be forged."

The indictment charged defendant under ORS 165.007(1)(b).[3] Thus, for purposes of our analysis, proof of forgery requires proof of the following elements:

---

[2] For examples of such statutes, *see* ORS 164.043 (third-degree theft); ORS 164.045 (second-degree theft); and ORS 164.055 (first-degree theft).

[3] The indictment stated, in part, that defendant

"did unlawfully, knowingly and with intent to injure and defraud, utter a written instrument, to-wit: a $100 bill, which purported to be part of an issue of

(1)  Intent to injure or defraud;

(2)  Uttering of;

(3)  A forged bill;

(4)  Knowing the bill to be forged.

ORS 165.022(1) defines criminal possession of a forged instrument and provides:

> "A person commits the crime of criminal possession of a forged instrument in the first degree if, knowing it to be forged and with intent to utter the same, the person possesses a forged instrument of the kind and in the amount specified in ORS 165.013(1)."

Under ORS 165.013(1), counterfeit currency qualifies as a forged instrument. Thus, for our purposes, criminal possession of a forged instrument requires proof of the following elements:

(1)  Intent to utter;

(2)  Possession of;

(3)  A forged bill;

(4)  Knowing the bill to be forged.

Defendant argues that all the elements of criminal possession of a forged instrument are found in forgery. Defendant is obviously correct as to the last two elements of criminal possession of a forged instrument—a forged bill, known to be forged. Those elements also are found in the terms of the crime of forgery. As to the first two elements of criminal possession of a forged instrument—intent to utter and possession—defendant contends that those elements also are found in the act and intent required by the second element of forgery—uttering. According to defendant, a person who utters a forged instrument necessarily possessed it and intended to utter it.

We consider first the conduct required by the two offenses. Criminal possession of a forged instrument requires the act of possession; the crime of forgery requires the act of

---

money issued by The Treasury Department of the United States of America, a governmental agency, defendant[ ] knowing said instrument to be forged[.]"

uttering. To "possess" means to "have physical possession or otherwise to exercise dominion or control over property." ORS 161.015(9). To "utter" means to "issue, deliver, publish, circulate, disseminate, transfer or tender a written instrument or other object to another." ORS 165.002(7). It is difficult to see how one could carry out any of those latter acts without also possessing the thing to be issued, delivered, published, circulated, disseminated, transferred, or tendered.

■■  The state contends that there are two reasons that we should not draw that conclusion. First, the state argues, a defendant could be liable for forgery as an accomplice without himself or herself possessing the forged document. However, an accomplice theory of liability is not itself an independent offense. Accomplice liability makes a person who aids or abets a crime liable for that crime even though the accomplice may not have committed any of the acts that the crime entails. *See* ORS 161.155(2)(b) (criminal liability for aiding and abetting another person in planning or committing a crime). Because the principal who utters a forged instrument also necessarily possesses it, a person who aids and abets the principal in the crime of forgery by definition also aids and abets the principal in the crime of criminal possession of a forged instrument. An accomplice who is liable for forgery is also liable for criminal possession of a forged instrument.

■■  Second, the state argues that one could, through means other than possession, utter a forged instrument. As an example, the state posits that a person could use the Internet to manipulate a bank account and thereby issue a check without physically possessing it, thus uttering a forged instrument. Possession, however, encompasses more than physically possessing an object. As this court previously has observed:

> " 'Possession' ordinarily means 'the act or condition of having in or taking into one's control or holding at one's disposal.' That definition is broad enough to include personal property within the suspect's immediate reach as well as property under the suspect's dominion and control[.] * * * Put more succinctly, 'possession' includes both actual and constructive possession."

*State v. Connally*, 339 Or 583, 591, 125 P3d 1254 (2005) (quoting *Webster's Third New Int'l Dictionary* 1770 (unabridged ed 2002)). The ability to manipulate a bank account using a computer is sufficient to constitute "dominion and control," and thus is possession for purposes of the forgery statute. We therefore reject the state's two contentions and conclude that the act of uttering necessarily includes the act of possessing.

Proof of the act necessary to establish the crime of forgery also proves the act necessary to establish the crime of criminal possession of a forged instrument. Stated another way, the crime of criminal possession of a forged instrument does not require proof of an act that is not also required to prove the crime of forgery.

■ Turning to the intent element of the two crimes at issue, we recognize that the crime of forgery does not expressly require that a defendant must utter a forged instrument with the intent required by the crime of criminal possession of a forged instrument—the intent to utter it. The crime of forgery requires, instead, that the defendant have an intent to injure or defraud. In our view, a person cannot utter a forged bill to another with an intent to injure or defraud that person without also having an intent to present that bill to the person to be injured or defrauded. In other words, proof of intent to injure or defraud also necessarily proves the intent to utter. Therefore, proof of the intent necessary to establish the crime of forgery also proves the intent necessary to establish the crime of criminal possession of a forged instrument. In other words, the crime of criminal possession of a forged instrument does not require proof of an intent that is not also required to prove the crime of forgery.

■ Criminal possession of a forged instrument does not require proof of an element—an act or an intent—that is not also required to prove the crime of forgery.[4] Therefore, we conclude that the second requirement necessary to establish separately punishable offenses when ORS 161.067(1) applies

---

[4] For purposes of ORS 161.067(1), it is of no consequence that the crime of first-degree forgery contains elements that possession of a forged instrument does not. "[E]ach" statutory provision must contain an element that the other does not. ORS 161.067(1).

has not been met in this case. Although two guilty verdicts were obtained, there is only one separately punishable offense. We therefore remand this case to the circuit court for entry of a judgment of conviction on the forgery count.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.