Argued and submitted February 19, affirmed March 20, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MACIEL MUNOZ,
*Defendant-Appellant.*

Washington County Circuit Court
C092027CR; A147842

298 P3d 595

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Pamela J. Walsh, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of murder after he, along with other gang members, stabbed the victim to death. In a sole assignment of error, defendant argues that the trial court erred in failing to instruct the jury that, to convict him of murder, at least 10 jurors had to concur as to whether he was criminally liable as a principal or as an accomplice. In *State v. Phillips*, 242 Or App 253, 255 P3d 587 (2011), *rev allowed*, 351 Or 586 (2012), we rejected a similar argument, explaining that a concurrence instruction is necessary "to avoid the possibility that a jury could return a guilty verdict even though the requisite number of jurors did not agree on which *crime*, if any, the defendant committed," but that such an instruction is not required "to prevent a jury from deciding that the defendant is guilty even if the requisite number of jurors did not agree on what particular acts of the defendant constituted an element of a single crime." *Id.* at 261 (emphasis in original). In *Phillips*, a third-degree assault case, we concluded that, regardless of possible juror disagreement as to whether the defendant was the assailant or had aided the assailant, there was no risk that the jurors had not agreed on the crime that the defendant committed:

> "There is no danger that defendant was convicted without 10 jurors agreeing that his conduct met all of the elements of the crime as that crime was presented to the jury without objection. Some may have been persuaded that he was the actually present aider, and others might have been persuaded that he was the assailant, and others might have been persuaded that he was both, but 10 believed that, in one manner or another, he caused the victim's injury."

*Id.* at 263.

The same can be said in this case. Some jurors might have believed that defendant was the principal during the stabbing, and others might have believed that he was an accomplice to one of the other gang members who stabbed the victim, but the requisite number of jurors agreed that defendant, either as principal or accomplice, intentionally caused the victim's death. *See* ORS 161.150 ("A person is

guilty of a crime if it is committed by the person's own conduct or by the conduct of another for which the person is criminally liable, or both."); *State v. Blake*, 348 Or 95, 101, 228 P3d 560 (2010) ("[A]n accomplice theory of liability is not itself an independent offense."). There was no danger that defendant would be convicted without juror agreement as to all of the elements of the crime of murder, so the trial court did not err in refusing to give a concurrence instruction.

Affirmed.