Argued and submitted September 24, 2015, convictions on Counts 3 and 4
reversed and remanded for entry of a judgment of conviction for one count of
second-degree sexual abuse on Count 3, remanded for resentencing, otherwise
affirmed October 12, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRENT ALEXANDER BRESHEARS,
aka Alex Breshears,
*Defendant-Appellant.*

Union County Circuit Court
F20192; A155879

383 P3d 345

Meredith Allen, Deputy Public Defender, argued the
cause for appellant. With her on the brief was Peter Gartlan,
Chief Defender, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued
the cause for respondent. With him on the brief were Ellen F.

Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**GARRETT, J.**

Following a guilty plea, defendant was convicted of one count of second-degree sexual abuse (Count 3) and one count of third-degree rape (Count 4). On appeal, defendant assigns error to the trial court's failure to merge the guilt determinations on those two charges into a single conviction. Having reviewed for legal error, *State v. Huddleston*, 278 Or App 803, 804, 375 P3d 583 (2016), we conclude that the trial court did so err. We therefore reverse and remand for entry of a judgment of conviction of one count of second-degree sexual abuse, and for resentencing, and otherwise affirm the judgment.

The facts are few and undisputed. Defendant, who was then 22 years old, had sexual intercourse with the victim, who was 13 years old. As a result, defendant was charged with multiple sexual offenses, two of which are pertinent to this appeal.[1] Count 3 of the indictment alleged that defendant committed second-degree sexual abuse, ORS 163.425, when he "unlawfully and knowingly subject[ed] [the victim] to sexual intercourse, the said [victim] not consenting thereto." Based on that same conduct, Count 4 alleged that defendant committed third-degree rape, ORS 163.355, when he "unlawfully and knowingly engage[d] in sexual intercourse with [the victim], a child under sixteen years of age." Defendant pleaded guilty to, and the trial court entered separate convictions for, both counts. At sentencing, defendant argued unsuccessfully that the two guilt determinations must merge under ORS 161.067 into a single conviction. On appeal, defendant reprises the argument he made to the trial court.

Merger is governed by ORS 161.067, which provides, in part:

> "(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

---

[1] Defendant was also charged with second-degree rape, ORS 163.365, and first-degree sexual abuse, ORS 163.427. Those charges were ultimately dismissed.

Accordingly, that statutory provision allows separate convictions if three conditions are met: "(1) the defendant engaged in acts that constituted the same conduct or criminal episode, (2) the defendant's acts violated two or more statutory provisions, and (3) each statutory provision requires proof of an element that the others do not." *State v. Pass*, 264 Or App 583, 586, 333 P3d 1139 (2014) (internal quotation marks and citations omitted); *see also State v. Blake*, 348 Or 95, 99, 228 P3d 560 (2010) (explaining that, "if one offense contains X elements, and another offense contains X +1 elements, the former offense does not contain an element that is not also found in the latter offense [and] * * * there is only one separately punishable offense").

Here, the parties agree that the first two conditions are satisfied: Defendant's acts constituted a single criminal episode that violated two statutory provisions—ORS 163.425 and ORS 163.355. Thus, the only issue presented by this case is whether the two statutory provisions each "require proof of an element that the other does not." *Blake*, 348 Or at 98-99. In resolving that inquiry, we look to the statutory elements of each offense, rather than the underlying factual circumstances of the crime. *State v. Fujimoto*, 266 Or App 353, 357, 338 P3d 180 (2014). If, however, a statute sets out alternative forms of a single crime, "we look to the indictment * * * to determine which form is charged, and we use the elements of the crime as charged in conducting the merger analysis." *State v. Dentel*, 272 Or App 130, 133, 354 P3d 753 (2015). "[O]nce we rely on the indictment to determine which of the alternative forms of the crime are at issue, we disregard particular facts alleged in the indictment or proved at trial." *State v. Alvarez*, 240 Or App 167, 172, 246 P3d 26 (2010), *rev den*, 350 Or 408 (2011).

Accordingly, we turn our attention to the statutory elements of the two crimes. ORS 163.425(1) provides that a person commits the crime of second-degree sexual abuse if:

"(a) The person subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor and the victim does not consent thereto; *or*

"(b)(A)   The person violates ORS 163.415 (1)(a)(B);

"(B)   The person is 21 years of age or older; and

"(C)   At any time before the commission of the offense, the person was the victim's coach as defined in ORS 163.426."

(Emphasis added.) Subsections (1)(a) and (1)(b) provide two alternative ways in which a person may commit second-degree sexual abuse. Here, the indictment reflects that defendant was charged under the alternative set out in ORS 163.425(1)(a)—"The defendant * * * did unlawfully and knowingly subject [the victim] to sexual intercourse, the said [victim] not consenting thereto." Thus, for purposes of our merger analysis, the relevant elements of second-degree sexual abuse as charged in Count 3 are (1) sexual intercourse and (2) lack of consent. The other crime at issue is third-degree rape. A person commits that crime "if the person has sexual intercourse with another person under 16 years of age." ORS 163.355(1). The relevant elements of third-degree rape for Count 4 are (1) sexual intercourse and (2) the victim being under 16 years of age. As defendant points out, being under 16 years of age renders the victim incapable of consenting as a matter of law. *See* ORS 163.315(1)(a) ("A person is considered incapable of consenting to a sexual act if the person is * * * [u]nder 18 years of age[.]").

Both parties agree that, as used in ORS 163.425, the phrase "does not consent" encompasses both the victim's lack of *actual* consent and the victim's lack of *capacity* to consent due to age. *See State v. Ofodrinwa*, 353 Or 507, 300 P3d 154 (2013) (so holding); *see also State v. Stamper*, 197 Or App 413, 427, 106 P3d 172, *rev den*, 339 Or 230 (2005) ("[T]he legislature intended the phrase 'the victim does not consent' to apply either to actual lack of consent or incapacity to consent because the victim was under the age of 18."). The parties dispute, however, the effect of that legal premise on the outcome of this case. Defendant asserts that, as alleged in the indictment, second-degree sexual abuse does not require proof of any additional element that is not also required to prove third-degree rape. That is so, defendant argues, because the victim's incapacity to consent for purposes of third-degree rape establishes the "does not consent"

element for purposes of second-degree sexual abuse. For its part, the state acknowledges that both charges *could* have been proven using identical elements—the act of sexual intercourse and the victim's age. But, the state contends, it could also have elected to prove the two crimes using different elements—the lack of actual consent for Count 3, and the victim's age for Count 4. So viewed, according to the state, both crimes contain an element that the other does not.

We addressed a similar issue in *Pass*, where we held that the trial court plainly erred when it failed to merge the defendant's guilty verdicts for third-degree sodomy and second-degree sexual abuse. 264 Or App at 584. In that case, the indictment alleged that the defendant committed second-degree sexual abuse when he "did unlawfully and knowingly subject [K] to deviate sexual intercourse * * * the said [K] not consenting thereto, and [K] is unable to consent because she is under the age of 18." *Id.* at 584-85 (brackets in original). The indictment also alleged that the same conduct constituted third-degree sodomy under ORS 163.385[2] because the defendant "did unlawfully and knowing engage in deviate sexual intercourse with [K], a child under the age of 16." *Id.* at 585 (brackets in original). Relying on *Ofodrinwa*'s explication of the phrase "does not consent," we determined that the referent elements of the two offenses as charged were "(1) deviate sexual intercourse; and (2) lack of consent (predicated on the complainant's age)."[3] *Id.* at 590. We merged the defendant's convictions, explaining that, "for merger purposes, the 'does not consent' element in ORS 163.425(1)(a) [second-degree sexual abuse] encompasses the victim's age element in ORS 163.385(1) [third-degree sodomy]." *Id.*

---

[2] ORS 163.385(1) provides:

"A person commits the crime of sodomy in the third degree if the person engages in deviate sexual intercourse with another person under 16 years of age or causes that person to engage in deviate sexual intercourse."

[3] Contrary to the state's reading, the parenthetical language in *Pass,* observing that the lack of consent in that case was "predicated on the complainant's age," was inessential to our conclusion with respect to merger. Rather than purporting to establish that, as pleaded in that case, the victim's age was an element of second-degree sexual abuse, the references to the victim's age in *Pass* were intended to explain the fact that the victim was legally incapable of consent under ORS 163.315(1)(a).

The state argues that *Pass* is distinguishable because, unlike in that case, here, the allegation in Count 3 that the victim did not consent was "not explicitly predicated on the victim's age." According to the state, that is a distinction with a difference: If the state's theory with respect to Count 3 was that the victim did not actually consent, then a conviction on Count 3 would not merge with a conviction on Count 4, which is predicated on the victim's age. In addition, the state points out that, had the case gone to trial, the state would have attempted to show not only that the victim was underage but also that the victim did not actually consent.

Critically, the state's arguments overlook the fact that merger is controlled by the elements of the crimes that are alleged—not by the particular facts that the state might prove to establish those elements. As noted, when a statute provides, as ORS 163.425(1) does, for alternative means of committing a crime, we look to the indictment to see what *form* of the crime is alleged. That is not the same as looking for the state's factual theory. *See, e.g.*, *Pass*, 264 Or App at 587 (listing the crime of unlawful use of a weapon—which can be committed either by (1) carrying or possessing a dangerous weapon or by (2) attempting to use one—as an example of a statute that contains "alternative forms of a single crime"); *Alvarez*, 240 Or App at 172 ("[O]nce we rely on the indictment to determine which of the alternative forms of the crime are at issue, *we disregard particular facts alleged in the indictment or proved at trial.*" (Emphasis added.)). The form of second-degree sexual abuse alleged in this case is found in subsection (1)(a) of the statute and has two elements—sexual intercourse and lack of consent. How the state intended to prove "lack of consent" is not relevant to the merger analysis.

Proof that a victim is under the age of 16—and is therefore legally incapable of consent under ORS 163.315(1)(a)—necessarily establishes that the victim does not consent to sexual intercourse. *See Ofodrinwa*, 353 Or at 519 ("A person who is incapable of giving consent stands in the same position as one who elects not to give it; in each case, the person 'does not consent.'"); *see also State v. Barnes*, 209 Or App 332, 338, 147 P3d 936 (2006), *rev den*, 342 Or 256 (2007) ("[I]f 'incapacity to consent' is proved for first-degree sexual

abuse, then 'lack of consent,' likewise, has been proved for third-degree sexual abuse. Accordingly, sexual abuse in the third degree does not require proof of any elements in addition to those necessary to prove sexual abuse in the first degree."). Because proof of the elements of third-degree rape will necessarily prove the elements of second-degree sexual abuse as alleged here, defendant's guilt determinations must merge under ORS 161.067(1).[4]

Convictions on Counts 3 and 4 reversed and remanded for entry of a judgment of conviction for one count of second-degree sexual abuse on Count 3; remanded for resentencing; otherwise affirmed.

---

[4] The crime-seriousness ratings for second-degree sexual abuse under ORS 163.425(1) and third-degree rape are, respectively, 7 and 6. OAR 213-017-0005(6); OAR 213-017-0006(21). Accordingly, a single conviction must be entered for second-degree sexual abuse. *See State v. Unger*, 276 Or App 445, 451-52, 368 P3d 37 (2016) (merging an offense with a lesser crime-seriousness rating into the more serious offense).