Submitted November 19, 2015; convictions on Counts 1, 2, 3, and 4 reversed and remanded for entry of a judgment of conviction for two counts of identity theft, remanded for resentencing, otherwise affirmed June 14, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHERI LYNN HADDON,
*Defendant-Appellant.*

Lane County Circuit Court
201315587; A156293

399 P3d 458

Peter Gartlan, Chief Defender, and Shawn E. Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Wollheim, Senior Judge.

## DeVORE, J.

Defendant appeals a judgment of conviction for two felony counts of identity theft and two misdemeanor counts of fraudulent use of a credit card. She contends that the trial court erred in denying her motion to merge guilty verdicts for those two offenses, as required by Oregon's anti-merger statute, ORS 161.067. We review for legal error whether a trial court must merge guilty verdicts, *State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989), and reverse and remand.

In this case, the essential facts are undisputed, and the details are largely irrelevant to the resolution of the legal error at issue. This case arose from defendant's use of a stolen credit card. Defendant used the credit card to make two unauthorized purchases in separate locations on separate dates.

For each of the two uses of the stolen credit card, defendant was charged with a pair of offenses—one count of identity theft and one count of fraudulent use of a credit card. Defendant was charged with and found guilty of two counts of identity theft under ORS 165.800 (Counts 1 and 2), two counts of fraudulent use of a credit card under ORS 165.055 (Counts 3 and 4), and one count of third-degree theft under ORS 164.043 (Count 5).[1] In part, the indictment alleged:

"Count 1[:] The defendant * * * did unlawfully, with the intent to deceive or defraud, possess and utter personal identification of [the victim];

"Count 2[:] The defendant * * * in an act and transaction separate and distinct from that alleged in Count 1, did unlawfully, with the intent to deceive or defraud, possess and utter personal identification of [the victim];

"Count 3[:] The defendant * * * did unlawfully, with the intent to injure or defraud, use a credit card, to wit: a Visa card, for the purpose of obtaining property, to wit: ear buds, with knowledge that said credit card was stolen;

---

[1] ORS 165.800 was amended in 2015, but that amendment is immaterial to the issue on appeal. *See* Or Laws 2015, ch 158, § 25 (2015). All references in this opinion are to the current version of the statute.

"Count 4[:] The defendant *** in an act and transaction separate and distinct from that alleged in Count 3, did unlawfully, with the intent to injure or defraud, use a credit card, to wit: a Visa card, for the purpose of obtaining property, to wit: cigarettes, with knowledge that said credit card was stolen[.]"

At sentencing, defendant argued that, pursuant to ORS 161.067(1), the counts of identity theft should merge with the counts of fraudulent use of a credit card. Defendant contended that a person could not "commit fraudulent use of a credit card without committing the act of identity theft[,]" and that the same elements made up "each of these counts." The court did not merge any of the guilty verdicts.

Defendant appeals, assigning error to the court's failure to merge each pair of guilty verdicts. She argues that only a single conviction for identity theft should have been entered for each pair of verdicts for identity theft and fraudulent use of a credit card because the separate statutory provisions do not each require proof of an element that the other does not. The state disagrees, contending that "it is possible to commit each crime without committing the other."

In relevant part, the anti-merger statute, ORS 161.067(1), provides that "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."[2] ORS 161.067(1). Answering three questions determines whether guilty verdicts for violations of multiple statutory provisions can result in entry of separate convictions under ORS 161.067(1):

"(1) Did defendant engage in acts that are 'the same conduct or criminal episode,' (2) did defendant's acts violate two or more 'statutory provisions,' and (3) does each statutory 'provision' require 'proof of an element that the others do not.'"

---

[2] The anti-merger statute includes other subsections addressing situations in which guilty verdicts may and may not merge. Those subsections are not at issue in this case.

*Crotsley*, 308 Or at 278; *see also State v. Barnes*, 209 Or App 332, 336, 147 P3d 936 (2006), *rev den*, 342 Or 256 (2007) (applying that analysis). In this case, there is no dispute on appeal that for each pair of guilty verdicts, defendant engaged in acts constituting the same conduct or criminal episode and that her acts violated two separate statutory provisions. The parties dispute only the answer to the third question, whether each statutory provision requires proof of an element that the others do not. We focus on that question.

"The elements of proof of a criminal offense are controlled by the statute defining the offense, not by the factual circumstances recited in the indictment." *State v. Atkinson*, 98 Or App 48, 50, 777 P2d 1010 (1989). An exception to that rule exists, however. We have explained that,

> "when a statute contains alternative forms of a single crime (as, for example, unlawful use of a weapon, which can be committed either by (1) carrying or possessing a dangerous weapon or by (2) attempting to use one), we will look to the indictment to determine which form is charged, and we use the elements of the charged version in the merger analysis."

*State v. Gray*, 240 Or App 599, 609 n 4, 249 P3d 544, *rev den*, 350 Or 574 (2011); *see also State v. Alvarez*, 240 Or App 167, 171, 246 P3d 26 (2010), *rev den*, 350 Or 408 (2011) (when a statute provides alternative terms within an offense, "we will look to the indictment to determine which form is charged, and we use the elements of the *charged* version in the merger analysis" (emphasis added)).[3] As a consequence, the alternative terms, which are neither charged nor "require[d]" to be proven, are not part of the merger analysis. *Alvarez*, 240 Or App at 171; *see also* ORS 161.067(1) (providing that when the same conduct or episode violates two or more provisions and each "*requires* proof of an element that the others do not," the offenses do not

---

[3] For example, the quotation from *Gray*, above, refers to alternative forms of unlawful use of a weapon. Two alternative phrases help define that offense:

> "(1) A person commits the crime of unlawful use of a weapon if the person:

> "(a) Attempts to use unlawfully against another, *or* carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon * * *."

ORS 166.220(1)(a) (emphasis added). For merger analysis, we look for which alternative form is alleged.

merge (emphasis added)). "[O]nce we rely on the indictment to determine which of the alternative forms of the crime are at issue, we disregard particular facts alleged in the indictment or proved at trial" and state the statutory elements of the *charged* form of the crime. *Alvarez*, 240 Or App at 172 (citing *State v. Cufaude*, 239 Or App 188, 192-93, 244 P3d 382 (2010)).

Consistent with that analysis, we frame our issue by comparing the elements of each respective offense. We examine each offense, using the indictment where the statute provides alternative terms, in order to identify the elements of each offense as the state was required to prove them in this case. A person commits the offense of identity theft, as charged here, "if the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters, or converts to the person's own use the personal identification of another person." ORS 165.800(1). The "personal identification" of another person is defined to include "[t]he identifying number of a person's depository account at a 'financial institution' or 'trust company', * * * or a credit card account." ORS 165.800(b)(H).[4] Thus, for purposes of our merger analysis, the relevant elements of identity theft *as charged* in Counts 1 and 2 of the indictment are that defendant (1) with intent to deceive or defraud, (2) possessed or uttered (3) the personal identification (*i.e.*, the credit card) (4) of another person.[5] *See generally State v. Breshears*, 281 Or App 552, 556, 383 P3d 345 (2016) (identifying and paraphrasing the form of the offense charged). *See also State v. Luers*, 211 Or App 34, 62-64, 153 P3d 688, *adh'd to as modified on recons*, 213 Or App 389, 160 P3d 1013 (2007) (determining that recklessly placing a person in danger of injury or property in danger of damage are merely alternative "circumstances" or "theories" and are not separate legislative concerns about arson under ORS 164.325(1)(b)); *cf. State v.*

---

[4] The identity theft statute was drafted broadly because it was "adopted to expand the protection of the law to other persons" beyond preexisting laws, such as forgery and fraudulent use of a credit card. *State v. Mullen*, 245 Or App 671, 678, 263 P3d 1146 (2011), *rev den*, 352 Or 25 (2012).

[5] Because the indictment did not charge alternative forms of the offense involving obtaining, transfer, creation, or conversion of another's personal identification, we are concerned here only with "possession" or "uttering" of another's identification. *See Gray*, 240 Or App at 609 n 4 (looking at *charged* form among alternative forms).

*Pipkin*, 354 Or 513, 523-24, 316 P3d 255 (2013) (determining that unlawfully "entering" or "remaining" in a building are merely alternative ways to prove unlawful presence and are not separate elements of burglary under ORS 164.215).

A person commits the offense of fraudulent use of a credit card "if, with intent to injure or defraud, the person uses a credit card for the purpose of obtaining property or services with knowledge that [t]he credit card is stolen or forged; [t]he card has been revoked or canceled; or [f]or any other reason the use of the card is unauthorized by either the issuer or the person to whom the credit card is issued." ORS 165.055(1) (paragraph letters omitted); *cf. State v. Kizer*, 308 Or 238, 243, 779 P2d 604 (1989) (insertion of paragraph letters (a) and (b) in a single sentence in forgery statute, ORS 165.007(1), were for ease of reading, not for designation of separate statutory elements or provisions for merger analysis). Thus, for purposes of our merger analysis, the relevant elements of fraudulent use of a credit card *as charged* in Counts 3 and 4 of the indictment are that defendant (1) with intent to injure or defraud (2) used (3) a credit card (4) with knowledge that the card was stolen (5) for the purpose of obtaining property or services.[6] *See generally Breshears*, 281 Or App at 556 (identifying and paraphrasing the form of the offense charged).

We recognize that fraudulent use of a credit card requires proof of at least one element that identity theft does not. Fraudulent use of a credit card requires proof that the person used the credit card "for the purpose of obtaining property or services." ORS 165.055(1). Because identity theft does not require proof of that element, fraudulent use of a credit card requires proof of an element that identity

---

[6] Because the *charged* form of fraudulent use of a credit card involved only the knowledge that the card was stolen, our analysis does not concern the other forms of knowledge that the card is forged, revoked, canceled, or is otherwise unauthorized. *See Alvarez*, 240 Or App at 171-72 (looking to indictment to discern which alternative form of unauthorized use of a weapon is at issue under ORS 166.330(1)(a)—*i.e.*, carrying or possessing a dangerous weapon, *not* attempting to use). In ORS 165.055(1), the telltale conjunction "or" compels the conclusion that *alternative* terms provide alternate forms of knowledge concerning fraudulent use of a credit card. As noted, when a statute provides alternative terms, our merger analysis is dictated by that form of the offense for which defendant was indicted. *Alvarez*, 240 Or App at 171.

theft does not. It is possible to commit identity theft without committing fraudulent use of a credit card.

Our analysis does not end there, however, because the parties dispute whether "[p]roving the crime of fraudulent use of a credit card necessarily proves the crime of identity theft." We must determine whether identity theft contains an element that fraudulent use of a credit card does not. *See State v. Blake*, 348 Or 95, 102-03, 228 P3d 560 (2010) (criminal possession of a forged instrument contains only elements that are also found in the offense of forgery). We conclude that, as alleged in this case, identity theft does not require proof of an element that is not already included in fraudulent use of a credit card.

Both offenses share the common element of an intent to deceive or defraud. Both share a common element involving a personal identification insofar as a credit card is one kind of personal identification. Both share the common element involving the personal identification "of another" insofar as proof that a credit card is "stolen" proves that it is the card "of another." Likewise, *proof of the fraudulent "use" of a stolen credit card proves that the defendant, as alleged in the indictment, has "uttered" and "possessed" the identification of another.* The last observation, however, requires explanation.

A person cannot "use" a credit card within the meaning of ORS 165.055 without also necessarily "possessing" it within the meaning of ORS 165.800. Whether a suspect had a credit card in hand is immaterial. That is because possession, in the context of the identity theft statute, includes both actual and constructive possession. *State v. Connally*, 339 Or 583, 591, 125 P3d 1254 (2005) ("'[P]ossession' includes both actual and constructive possession[.]" (Quoting *Webster's Third New Int'l Dictionary* 1770 (unabridged ed 2002).)). For example, the statute applies to situations in which a suspect has enlisted another individual to fraudulently use a credit card account without ever physically possessing the card him or herself. *Blake*, 348 Or at 101-03 (impossible for a defendant to commit the offense of first-degree forgery without having sufficient control over the forged instrument so as to be deemed in possession of it). *But see State v. Shupe*, 276 Or App 496, 506, 368 P3d

41, *rev den*, 360 Or 423 (2016) ("[I]t is possible to commit the crime of delivery of a controlled substance without ever having possession of the controlled substance by 'solicit[ing] another to engage in conduct constituting an element of the crime of delivery.'" (Quoting *State v. Sargent*, 110 Or App 194, 198, 822 P2d 726 (1991).)).

In sum, proof of the elements of fraudulent use of a credit card proves the elements of the offense of identity theft, in the forms in which the offenses were alleged in this case. At least as is alleged here, identity theft does not require proof of an element that is not already included in fraudulent use of a credit card. Therefore, the trial court erred in failing to merge the separate guilty verdicts in each of those pairs of offenses (Counts 1 and 3; Counts 2 and 4). That is, the pair of offenses occurring on the first date should merge; the pair of offenses occurring on the second date should merge.

Defendant requests that the court vacate her convictions and sentences for misdemeanor fraudulent use of a credit card. We agree that the offenses merge into the more serious offense but describe the disposition more appropriately. *State v. Cloutier*, 286 Or 579, 600, 596 P2d 1278 (1979) (entry of conviction is for "the most serious of the offenses of which the defendant was guilty").[7]

Convictions on Counts 1, 2, 3, and 4 reversed and remanded for entry of a judgment of conviction for two counts of identity theft; remanded for resentencing; otherwise affirmed.

---

[7] The disposition of this case may appear unusual insofar as the conviction is for the offense with fewer unique elements. Ordinarily, "'[t]rue merger' exists when all of the elements of the lesser offense are included in the greater offense." *State v. Gilbertson*, 110 Or App 152, 156, 822 P2d 716 (1991), *rev den*, 313 Or 211 (1992). Such is the case when a lesser-included offense is textually nested in a greater offense, as with ORS 163.257(1), where a person commits first-degree custodial interference if the person violates ORS 163.245 (second-degree custodial interference), in addition to a condition of first-degree custodial interference. *See State v. Burris*, 270 Or App 512, 521, 348 P3d 338 (2015) (observing "nesting" effect with predicate offenses). This case, however, involves a comparison of elements of different statutes, rather than textually nested offenses. *See State v. Sumerlin*, 139 Or App 579, 585, 913 P2d 340 (1996) (comparing statutory elements of reckless endangering and reckless driving and concluding that each offense requires proof of an element that the other does not). Nevertheless, merger is with the more serious offense.