Submitted December 31, 2020; portion of judgment requiring defendant to pay compensatory fines reversed, remanded for resentencing, otherwise affirmed May 18, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN EDWARD MARKS,
*Defendant-Appellant.*

Lane County Circuit Court
201416553; A171236

510 P3d 914

In this criminal appeal, defendant contests the trial court's determination that certain sex crimes did not merge for the judgment and the decision to impose compensatory fines. On appeal, defendant argues that the attempted second-degree rape count must merge with the first-degree sexual abuse count because both counts arose from the same incident and were factually indistinguishable. With respect to the compensatory fines, defendant argues that there was no evidence of objectively verifiable economic losses payable to the minor victim of the sex crimes, and therefore, the fines were erroneously imposed. *Held*: Although defendant was convicted of the lesser-included offense of attempted second-degree rape on the factual theory of genital-to-genital touching, the proper analysis for purposes of the merger statute focuses on the statutory elements defining the crimes, not a particular defendant's conduct. As first-degree sexual abuse and attempted second-degree rape each require proof of an element that the other does not, merger was not required. There was no evidence in the record to support a conclusion that the minor victim incurred objectively verifiable economic losses; therefore, imposition of those fines was error.

Portion of judgment requiring defendant to pay compensatory fines reversed; remanded for resentencing; otherwise affirmed.

Charles M. Zennaché, Judge.

Frances J. Gray filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.

PAGÁN, J.

Portion of judgment requiring defendant to pay compensatory fines reversed; remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

Defendant was convicted, after a bench trial, of two counts of first-degree sexual abuse, ORS 163.427(1)(a)(A) (Counts 3 and 6), and one count of attempted second-degree rape, ORS 163.365 and ORS 161.405 (Count 5). Defendant raises five assignments of error on appeal, arguing that the trial court erred by: (1) denying his motion to merge Counts 5 and 6; (2) imposing a compensatory fine on Count 3; (3) imposing a compensatory fine on Count 6; (4) imposing a $200 punitive fine on Count 5; and (5) designating $50,000 of defendant's security deposit towards payment of the fines. We write to address defendant's arguments regarding assignments of error one, two, and three, and, because of our disposition on assignments two and three, we do not address assignment five. We reject assignment of error four without discussion. For the following reasons, we affirm the trial court's decision denying merger, but reverse and remand the portion of the judgment awarding compensatory fines.

The relevant procedural and factual background is as follows. Defendant was charged with various sex crimes occurring in 2014, three of which are at issue in this appeal. Count 3 and Count 6 alleged first-degree sexual abuse; Count 5 alleged second-degree rape. Before trial, defendant moved to cause the state to elect a theory regarding Counts 5 and 6, as it appeared that the state was relying on the same incident for both charges. In response to defendant's motion, the state informed the trial court that Count 6 was a "fallback" to Count 5 because the state had alleged sexual intercourse in Count 5 and genital-to-genital touching in Count 6. According to the state, if the evidence did not support a finding that defendant penetrated the victim for the purposes of the rape count, the state could still argue, as a backup theory, that defendant made genital-to-genital contact, and the factfinder could find him guilty of the sexual abuse count. Defendant proceeded with a bench trial and was ultimately found guilty on Count 3 and Count 6, but the trial court found defendant guilty of the lesser-included offense of Count 5, attempted second-degree rape.

At sentencing, defendant argued to merge the guilty verdicts on Counts 5 and 6, arguing that the state was

required to prove the elements of Count 6 to satisfy its burden for proving the lesser-included attempt of Count 5. The state opposed merger, arguing that ORS 161.067 required the court to compare the elements of Counts 5 and 6, and, since both counts required proof of an element that the other did not, merger was not required. The court agreed with the state and entered separate convictions for Counts 5 and 6.

The state then asked the court to impose compensatory fines on Counts 3 and 6. The state offered no specific evidence of economic damages, but rather averred to the court that the victim, a minor at the time of the incidents and during the trial, suffered reputational damage as a result of defendant's actions. The victim's father testified that his family had "not spent a dime" as a result of the charges, but rather suffered minimal damages related to parking, fuel, and missing work for trial. No evidence of those damages was provided beyond father's testimony. The court awarded $25,000 in compensatory fines for Count 3 but did not award a punitive fine on that count. Likewise, the court awarded $25,000 in compensatory fines on Count 6 but did not award a punitive fine on that count. On Count 5, the court awarded $200 in punitive fines. Although the record is unclear on this issue, defendant argues that the trial court allocated money deposited for his security release towards the compensatory fines and that that money was deposited by third parties.

Looking first at defendant's merger assignment, we review a trial court's decision regarding whether two counts should have merged for legal error. *State v. Breshears*, 281 Or App 552, 554, 383 P3d 345 (2016). ORS 161.067 provides, in relevant part:

"(1)   When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Our courts have interpreted the statute to mean "if one offense contains X elements, and another offense contains X + 1 elements, the former offense does not contain an element that is not also found in the latter offense. In that

situation, under ORS 161.067(1), there is only one separately punishable offense." *State v. Blake*, 348 Or 95, 99, 228 P3d 560 (2010) (footnote omitted).[1] A court must answer three questions when considering merger under ORS 161.067: "(1) Did defendant engage in acts that are 'the same conduct or criminal episode,' (2) did defendant's acts violate two or more 'statutory provisions,' and (3) does each statutory 'provision' require 'proof of an element that the others do not.'" *State v. Haddon*, 286 Or App 191, 194, 399 P3d 458 (2017). If the answer to all three is affirmative, merger is not required. *See id.* If, however, the answer to the first two factors is affirmative, but the answer to the third is negative, merger is required. *Id.* Tracking the wording of the statute, the analysis we apply focuses on the elements of the crimes alleged, not the particular facts that the state alleged to establish those elements. *Breshears*, 281 Or App at 558. Defendant argues that the unique circumstances of this case—that is, the conviction for an attempt—require us to focus on the conduct alleged, rather than the underlying elements. The state responds that this case is controlled by *State v. Spring*, 172 Or App 508, 21 P3d 657, *rev den*, 332 Or 559 (2001). We agree with the state.

Defendant's argument rests primarily on two foundations: First, defendant correctly points out that, for our merger analysis, when dealing with a statutory provision that provides alternate forms of committing the offense, we focus on the *charged* conduct. *See Haddon*, 286 Or App at 195. Thus, defendant argues, the state elected to charge defendant with genital-to-genital touching for the sexual abuse charge in Count 6, and we must use that theory for our analysis. Second, the defendant argues that, when we analyze the elements for an attempt under ORS 161.405(1), we look at the *conduct* of the defendant to determine the elements. Defendant argues this is because ORS 161.405(1)

---

[1] Stated somewhat differently, to avoid merger under ORS 161.067(1), there must be an element of each crime of conviction that is not present in another count that could be merged. In the noted example, both offenses contained "X" elements and the only noncommon element was the "+1" element in the second offense, which is why those two counts must merge. A formulaic description of when ORS 161.067(1) would not require merger would include where one offense included X + A elements and the second offense included X + B elements. It is the +A and +B elements that are dispositive to the merger analysis for ORS 161.067(1).

states that a person is guilty of an attempt when "the person intentionally engages in *conduct* which constitutes a substantial step toward commission of the crime." (Emphasis added.) But defendant's argument, however artfully crafted, leads to the same elemental conclusion even if we accept it and apply it to this case. That is, even if we accept that the state chose to charge defendant with genital-to-genital touching for the sexual abuse count, and the state relied on genital-to-genital touching to establish the attempted rape count, and we used those charging decisions to assist our analysis, the two counts would still *require* proof of an element that the other does not: taking a substantial step towards committing rape in one, sexual contact (with a sexual purpose) in the other. That the state chose to prove the substantial step element with the same conduct as used for the sexual abuse count does not lead to the conclusion that the state was required to do so.

More specifically, second-degree rape, as defined by ORS 163.365 and ORS 163.305(6), has the following elements: (1) a person; (2) has sexual intercourse, meaning actual penetration; (3) with another person; (4) when that other person is under 14 years of age.[2] In order to be convicted of attempted second-degree rape, defendant must have intentionally engaged in conduct constituting a substantial step toward having sexual intercourse with a person under 14 years of age. ORS 161.405(1); ORS 163.365. The elements of first-degree sexual abuse, as alleged in this case were: (1) a person; (2) subjects another person; (3) to sexual contact, which means touching of the sexual or other intimate parts for the purpose of arousing or gratifying the sexual desire of either party; (4) while that other person is less than 14 years of age.[3] ORS 163.427(1)(a)(A); ORS 163.305(5). We have previously addressed the comparison between the elements of rape and sexual abuse under ORS 161.067, and we concluded that the different elements—specifically the sexual purpose

---

[2] The definitional provision for sexual offenses, ORS 163.305, has been amended since defendant committed the offenses. However, the relevant definitions for "sexual contact" and "sexual intercourse" are identical to those applicable at the time of the offenses, thus we refer to the present version.

[3] The statute defining first-degree sexual abuse, ORS 163.427, was amended after defendant's conduct; however, that amendment is not material to our analysis, and for convenience, we refer to the present version of the statute.

portion of sexual abuse and the intercourse element of rape—sufficiently distinguished the two charges such that merger was not required under ORS 161.067. *Spring*, 172 Or App at 514 ("Rape requires sexual intercourse, whereas sexual abuse does not. Conversely, sexual abuse requires sexual contact, which requires touching the sexual or other intimate parts of another person *for the purpose of arousing or gratifying the sexual desire* of either party, whereas rape does not." (Emphasis in original.)); *see also State v. O'Hara*, 152 Or App 765, 768, 955 P2d 313 (1998) (concluding that attempted first-degree assault and second-degree assault did not merge under ORS 161.067(1)). Nothing in the particulars of this case, even using the charging decisions of the state, alters that final analysis. Thus, we conclude that the trial court correctly found the two convictions, while arising out of the same episode, and while involving two statutory violations, each required proof of an element the other does not, and merger was not required under ORS 161.067.

Turning to the fines, we review the trial court's decision whether to impose a compensatory fine for legal error. *State v. Alonso*, 284 Or App 512, 515, 393 P3d 256 (2017). Defendant argues that the trial court erred when it imposed compensatory fines in the absence of evidence of economic damages.[4] Under ORS 161.645 and ORS 137.101, for a court to award compensatory fines, the court must engage in a two-step, layered analysis that includes a consideration of the ability of the defendant to pay and the extent to which victims incurred economic losses as a result of the criminal activities. *State v. Moreno-Hernandez*, 365 Or 175, 181, 442 P3d 1092 (2019). In order for loss of reputation to be considered "economic damages," the damages must be objectively verifiable. *See* ORS 137.103(2); ORS 31.705(2)(a). Here, the state offered no evidence of economic damages, but rather simply stated to the trial court that the victim had suffered an abstract harm based on loss of reputation. The victim's father testified that they had "not spent a dime" in relation to the matter except for parking, fuel, and missing work. In the absence of any proof that the victim suffered "objectively

---

[4] Defendant also assigned error to the court's imposition of a compensatory fine without having first imposed a punitive fine under ORS 161.625(1), but that argument was not preserved below.

verifiable" damages as a result of the alleged loss to reputation, it was error for the trial court to award compensatory damages. *See Moreno-Hernandez*, 365 Or at 189. Following the analysis in *Moreno-Hernandez*, the appropriate remedy is to reverse that portion of the judgment regarding compensatory fines and remand for resentencing.

Because we reverse and remand for resentencing, we need not address defendant's argument regarding the allocation of defendant's security deposit towards those fines.

Portion of judgment requiring defendant to pay compensatory fines reversed; remanded for resentencing; otherwise affirmed.