No. 951     December 26, 2024     159

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEJANDRO JAIMES-RADILLA,
*Defendant-Appellant.*

Washington County Circuit Court
22CR37561; A181072

Erik M. Bucher, Judge.

Submitted November 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Conviction of forgery in the first degree reversed; remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction, after a jury trial, for first-degree forgery, ORS 165.013 (Count 1), criminal possession of a forged instrument, ORS 165.022 (Count 2), and four counts of identity theft, ORS 165.800 (Counts 3 to 6), raising several unpreserved assignments of error. We reverse defendant's forgery conviction and remand for resentencing but otherwise affirm.

The charges in this case arose out of a police investigation of a vehicle theft. Police spotted the vehicle parked in the Hillsboro WinCo parking lot. Defendant was the only occupant; he had the keys to the vehicle and was sitting in the front passenger seat. A search of the vehicle by Officer Storm resulted in the seizure of altered checks and personal identification documents that did not belong to defendant. Storm found a small pink journal in a pouch behind the driver's seat. Three altered checks were tucked inside the journal.[1] The checks related to three individuals. One of the checks had defendant's name and signature on it. There were indications that the journal could belong to a woman. Storm found documents relating to a fourth person inside a small black purse, which also contained items that typically would belong to a woman as well as drug paraphernalia.[2]

Defendant was charged with the above-listed offenses. At trial, the state presented in evidence the journal and documents, the testimony of Storm and another police officer who was present at the time of defendant's arrest, and the testimony of two individuals whose names appeared on the seized checks and documents.

---

[1] The checks had been "washed." In the opening statement, the prosecutor explained:

"'Washing a check' is a term *** that is used in law enforcement and it's a washing the process by which ink is removed from a document, such as a check, and that allows a person to write in whatever he or she wishes to write in its place."

Storm, who searched the vehicle, testified:

"And so they will wash the check by submerging it in liquid to get that ink to come out. Hopefully fully, but not always. And then they will rewrite that check to themselves or a friend or someone, and then change the amount, write in a reason, whatever, to then go cash that check for themselves."

[2] Police also found a lanyard with multiple altered car keys and a backpack with tools commonly used in the theft of vehicles.

Defendant did not present any evidence at trial. Defendant argued, however, that the state had not investigated sufficiently to eliminate the possibility that another person was responsible for the altered documents.[3]

In closing argument, the state argued that the evidence of defendant's actual or constructive possession of the documents found in the vehicle was sufficient to establish defendant's liability for all of the offenses, either as a principal or as an accomplice. The court instructed the jury on both principal and aid-and-abet theories but did not instruct the jury that, to convict defendant, all the jurors must agree on the theory of liability. The jury convicted defendant of all the charges.

On appeal, in his first assignment of error, defendant concedes that the evidence at trial was sufficient to support liability on each of the offenses either under a theory of principal or accomplice liability.[4] But he assigns plain error to the trial court's failure to give a concurrence instruction on all the charges. The state concedes that an instruction was required. *See State v. Phillips*, 354 Or 598, 606, 317 P3d 236 (2013) (explaining that a jury-concurrence instruction is required when the state advances alternative theories of criminal liability). But the state asserts that the error in failing to give the instruction was harmless with respect to the identity theft charges. As to those charges, the state asserts that both theories of liability depended on the identical evidence of defendant's actual or constructive possession of the documents as well as intent. The state argues that the jury's guilty verdict demonstrates that the jury found that defendant had either actual or constructive possession of the documents, which establishes principal liability.

Assuming that the trial court did plainly err in failing to give the concurrence instruction and that the error was not legally harmless, we decline to exercise our

---

[3] Defense counsel argued:

"They're asking you to do the job of the police officers. They're asking you to do the job of finding out what happened. The police officer should have found that out."

[4] Defendant does not challenge the sufficiency of the evidence on any of the charges.

discretion to correct the error. "[A] decision to review a plain error is one to be made with the 'utmost caution' because such review undercuts the policies served by the preservation doctrine." *State v. Vanornum*, 354 Or 614, 630-31, 317 P3d 889 (2013) (quoting *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991)). Determining whether to exercise discretion to review an unpreserved error "entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case." *Vanornum*, 354 Or at 630.

Here, we conclude that the error was not grave. That is because, as the state argues, under the state's theory, in which it sought to prove defendant's liability based on the actual or constructive possession of the evidence, the elements of principal and accomplice liability were coextensive—the evidence presented at trial on the factual scenario of accomplice liability also established principal liability. *Cf. Phillips*, 354 Or at 606 ("[T]he elements necessary to prove liability as an aider and abettor ordinarily will not be coextensive with the elements necessary to prove liability as a principal.") "A person commits the crime of identity theft if the person, with the intent to deceive or to defraud, obtains, *possesses*, transfers, creates, utters or converts to the person's own use the personal identification of another person." ORS 165.800(1). (Emphasis added.) "Possesses" includes either actual or constructive possession. *State v. Haddon*, 286 Or App 191, 198, 399 P3d 458 (2017), *overruled on other grounds by State v. Serbin*, 324 Or App 792, 796 n 4, 527 P3d 794 (2023) (explaining that possession, in the context of the identity theft statute, includes both actual and constructive possession). In other words, an individual acts as a principal in committing identity theft if the individual actually or constructively possesses personal identification information with the requisite mental state. An individual aids and abets the commission of the offense if the individual, with the requisite intent, helps another person do those acts. *See* ORS 161.155(2)(b) (defining liability for aiding and abetting another person's criminal conduct). Here, both of the state's theories of liability were based on evidence of defendant's possession of the documents.

*See Phillips*, 354 Or at 613 (The error in failing to give the concurrence instruction "was harmless because, on the facts in this case, the factual findings necessary to find defendant liable on one theory either subsumed or were the same as the factual findings on the other theory."); *State v. Munoz*, 270 Or App 490, 500, 348 P3d 296, *rev den*, 357 Or 596 (2015) (the failure to give a concurrence instruction on theory of liability is harmless when alternative factual scenarios both support principal liability).

Additionally, if defendant had requested a concurrence instruction, the court could easily have given one and avoided the asserted plain error. For both of those reasons, we conclude that the "ends of justice" do not require us to overlook "the strong policies requiring preservation," *Ailes*, 312 Or at 382, and we therefore decline to exercise our discretion to correct the asserted unpreserved error as to Counts 3 through 6. *See State v. Wiltse*, 373 Or 1, 14-15, 559 P3d 380 (2024); *Ailes*, 312 Or at 382 n 6 (listing considerations in determining whether to exercise discretion).

We reach the same conclusion with respect to the charge of criminal possession of a forged instrument, Count 2. "A person commits the crime of criminal possession of a forged instrument in the first degree if, knowing it to be forged and with intent to utter same, the person possesses a forged instrument of the kind and in the amount specified in ORS 165.013(1)." ORS 165.022. Like the identity theft charges, the state's evidence of possession of a forged instrument with the requisite mental state was sufficient to allow the jury to find principal liability. *See State v. Blake*, 348 Or 95, 101, 228 P3d 560 (2010) (holding that "possession" in the offense of possession of forged "instruments includes both actual and constructive possession"). Having found defendant guilty of that charge, the jury necessarily found that defendant was at least in constructive possession of a forged instrument with the requisite intent, and therefore found the elements of principal liability. For the reasons explained above in the context of the identity theft charges, we decline to exercise our discretion to correct the error in failing to give a concurrence instruction as to Count 2.

We reach a different conclusion with respect to the forgery charge, Count 1. Unlike the charge of possession of a forged instrument, defendant's possession of the forged instrument with the requisite intent is not, in and of itself, sufficient to satisfy the elements of forgery, which requires that the person "makes, completes or alters" a written instrument. ORS 165.007.[5] To convict defendant as a principal, the jury was required to find that defendant did the actual washing and altering of the checks; under the aid-and-abet theory of liability for forgery, liability is established if defendant, with the requisite intent, helped another person do those acts. *See* ORS 161.155(2)(b) (defining liability for aiding and abetting another person's criminal conduct). As defendant concedes, the evidence at trial was sufficient to establish his guilt under either theory.[6] But not every person who aids or abets a person to commit forgery commits the acts necessary to establish principal liability. Without a concurrence instruction, it is possible that the jurors convicted defendant of forgery based on different views of the evidence—some may have believed that defendant did the washing and altering of the checks, and some may have believed that defendant only aided another person to do those acts. Because 12 jurors were required to agree on the facts necessary to convict defendant of forgery in the first degree, we agree with defendant that the forgery conviction must be reversed. *See Phillips*, 354 Or at 605-06.

We turn to defendant's second and third assignments of error, in which he contends that the trial court plainly erred in failing to *sua sponte* declare a mistrial in

[5] A person commits the crime of forgery

"if, with intent to injure or defraud, the person:

"(a) Falsely makes, completes or alters a written instrument[.]"

[6] The state argued:

"[Y]ou may find, hypothetically, that was someone working with the defendant who actually did the washing and altered the check. The defendant is still liable for that other person's actions, if the defendant's intent is to aid and abet that other person.

"* * * * *

"So in other words, in my view, there is sufficient evidence to convict the defendant as the person who altered it himself. But even if you find that someone else may have done the altering and you find the defendant is working with that person, he's equally guilty."

response to improper prosecutorial argument. We have reviewed the entirety of the closing argument, and we are not persuaded that, when viewed in context, the cited comments were obviously improper. We conclude that it would not have been an abuse of discretion for the trial court to have denied a motion for mistrial based on the prosecutor's arguments if one had been requested. Thus, we conclude that the second and third assignments do not present plain error. *See State v. Chitwood*, 370 Or 305, 307, 518 P3d 903 (2022) (describing requirements for plain error review in the context of improper argument by prosecutor).

Conviction of forgery in the first degree reversed; remanded for resentencing; otherwise affirmed.