STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRUZ BONILLA-VERGARA,
*Defendant-Appellant.*

Washington County Circuit Court
C151157CR; A160342

401 P3d 291

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Cruz Bonilla-Vergara filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of first-degree rape, ORS 163.375 (Count 2); two counts of first-degree sodomy, ORS 163.405 (Counts 3 and 4); two counts of first-degree sexual abuse, ORS 163.427 (Counts 5 and 6); and three counts of first-degree burglary of an occupied dwelling, ORS 164.225 (Counts 7, 8, and 9). He contends in his first assignment of error that the trial court erred in denying his motion to suppress and, in his second and third assignments, he argues that the court plainly erred in failing to merge, under ORS 161.067, the guilty verdicts for Counts 3 and 4 into a single conviction for first-degree sodomy and the guilty verdicts for Counts 5 and 6 into a single conviction for first-degree sexual abuse. Defendant also contends in a *pro se* supplemental brief that the state lacked personal and subject matter jurisdiction. We reject his first assignment of error and his *pro se* jurisdictional challenge without further discussion.

As for his assignments of error concerning merger, the state acknowledged at trial that each of the sodomy counts and each of the sexual abuse counts were based on the same acts (respectively "deviate sexual intercourse" and touching the victim's breast) but different theories (forcible compulsion and physical helplessness for both crimes) and now concedes on appeal that the trial court plainly erred by failing to merge the guilty verdicts for Counts 3 and 4 into a single conviction of first-degree sexual abuse and the guilty verdicts for Counts 5 and 6 into a single conviction of first-degree sodomy. *See State v. Parkins*, 346 Or 333, 355, 211 P3d 262 (2009) (holding that the subparagraphs of the first-degree sexual abuse statute were not separate statutory provisions for purpose of applying ORS 161.067(1)); *State v. Black*, 270 Or App 501, 506-07, 348 P3d 1154 (2015) (based on holding in *Parkins*, reaching conclusion that guilty verdicts on two counts of first-degree sexual abuse were based on "the same incident and act" and the court therefore failed to merge them into a single conviction).

We agree with the state and accept its concession that the failure to merge the guilty verdicts into single convictions was plain error. Regarding our discretion to correct

the plain error, we consider that the fact of the additional convictions on defendant's criminal record "misstates the nature and extent of defendant's conduct" and that the state "has no interest in convicting a defendant twice for the same crime." *State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008). Because those considerations weigh in favor of exercising our discretion to correct the error, we do so. Consequently, we reverse and remand for the trial court to enter a single conviction for first-degree sodomy and a single conviction for first-degree sexual abuse.

Convictions on Counts 3 and 4 reversed and remanded for entry of judgment of conviction for one count of first-degree sodomy; convictions on Counts 5 and 6 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.