LAGESEN, P.J.
*842 Defendant appeals from a judgment imposing separate convictions for 14 counts of first-degree rape, 25 counts of first-degree sodomy, 16 counts of first-degree sexual abuse, six counts of first-degree unlawful sexual penetration, four counts of endangering the welfare of a minor, six counts of luring a minor, one count of third-degree assault, and one count of possession of methamphetamine as a commercial drug offense. Defendant contends in his first 10 assignments of error that the trial court plainly erred by failing to merge a number of the jury's guilty verdicts according to the requirements of ORS 161.067.[1] We reverse and remand for merger of the affected convictions, and remand the entire case for resentencing.[2]
When two or more counts involve the same conduct or criminal episode, the counts merge unless one of the provisions of ORS 161.067 operates to preclude merger. State v. Nelson , 282 Or. App. 427, 431, 386 P.3d 73 (2016). ORS 161.067(1) prevents merger of two or more counts if the "conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not[.]" ORS 161.067(3) provides, in part:
"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."
We begin with defendant's argument concerning the entry of separate convictions *570 on the first-degree rape counts. Counts 26 to 30 charged defendant with first-degree *843 rape of the victim, H, under ORS 163.375(1)(c) (victim under the age of 16 and defendant's child). Counts 31 to 35 charged defendant with first-degree rape of H under ORS 163.375 (1)(b) (victim under the age of 12) and additionally alleged that defendant was at least 18 years old at the time of the offense. Counts 48 and 49 similarly charged defendant with first-degree rape of a different victim, D, under ORS 163.375(1)(c), and Counts 46 and 47 charged defendant with first-degree rape of D under ORS 163.375(1)(b) and also alleged that defendant was at least 18 years old at the time of the offense.
In response to a request to elect, the state described Counts 26 to 30 and 31 to 35 as "mirror" counts that were based on the same instances of conduct, but alleged on different theories. It similarly described Counts 46 and 47 as being paired with Counts 48 and 49 as alternative theories that involved the same conduct. The subsections of the first-degree rape statute, ORS 163.375, are not separate "statutory provisions" within the meaning of ORS 161.067. Bumgarner v. Nooth , 254 Or. App. 86, 94, 295 P.3d 52 (2012). Defendant argues, and the state concedes, that the trial court plainly erred by not merging the guilty verdicts on the paired counts, as required by ORS 161.067, so that a single conviction would be entered for each pair.[3] We agree and accept the state's concession.
Defendant next argues that the trial court similarly plainly erred when it entered separate convictions on certain counts of first-degree sodomy. ORS 163.405 (2007).[4] During its election, the prosecution identified Counts 11 to 15, which were alleged under ORS 163.405(1)(c) (victim under 16 and defendant's child), as alternative theories based on the same *844 instances of conduct as other first-degree sodomy counts alleged under ORS 163.405(1)(b) (victim under the age of 12) in Counts 16 to 25. Defendant contends, and the state concedes, that the trial court plainly erred by failing to merge the paired counts. We agree that the trial court plainly erred by failing to merge Count 11 with Count 16 or 17; Count 12 with Count 19 or 20; Count 13 with Count 21; Count 14 with Count 23 or 24; and Count 15 with Count 25.[5] State v. Bonilla-Vergara , 286 Or. App. 676, 678, 401 P.3d 291, rev. den. , 362 Or. 39, 403 P.3d 780 (2017).
Finally, we turn to defendant's assignment of error concerning the trial court's entry of a separate conviction on each of the first-degree sexual abuse counts. Following the state's election, five counts were identified as involving defendant touching H's vagina, with two counts identified as occurring at "David's house" (Counts 1 and 2), one at "Mark/smoker's house" (Count 3), and two at "Eric's house" (Counts 4 and 5). Another five counts were identified as involving defendant touching H's breasts, with locations similarly specified-Counts 6 and 7 at "David's house," Count 8 at "Mark/smoker's house," and Counts 9 and 10 at "Eric's house."
Defendant argues that the trial court plainly erred by entering separate convictions rather than merging the counts identified as occurring at the same locations but involving different body parts. Defendant contends that the state "elected five criminal *571 episodes to present to the jury based on the places where the abuse occurred," and that the record lacks any evidence of a "sufficient pause" between acts of touching the victim's vagina and breasts. See, e.g. , Nelson , 282 Or. App. at 447, 386 P.3d 73 ; ORS 161.067(3).
The state concedes that the trial court plainly erred, but on the more narrow ground that it erred by entering a separate conviction on each of the first-degree sexual abuse counts without having made findings that would permit it *845 to do so, and it agrees that the error should be corrected. Cf. State v. Stanton , 266 Or. App. 374, 378-79, 337 P.3d 955 (2014) ; ORS 161.067(3). We agree that, under these particular circumstances, the court plainly erred. We decline to reach defendant's further arguments in this plain-error posture, and instead leave them for the trial court to resolve in the first instance.
In determining whether to exercise our discretion to correct the plain errors identified in this opinion, we consider that the additional convictions on defendant's criminal record misstate the extent of the criminal conduct on which he has been found guilty and that the state does not have an interest in convicting a defendant twice for the same crime. Bonilla-Vergara , 286 Or. App. at 678, 401 P.3d 291. Those considerations weigh in favor of exercising our discretion to correct the error, and we do so. We reverse and remand for the court to enter single convictions on the first-degree rape and first-degree sodomy counts as explained, and to merge the first-degree sexual abuse counts unless it determines that merger is not required. We also remand the entire case for resentencing.
Reversed and remanded for merger consistent with this opinion; remanded for resentencing; otherwise affirmed.

The version of ORS 161.067 in effect at the time of defendant's crimes has since been amended but the amendments do not affect the analysis in this case. Accordingly, we cite the current version of the statute.

In his eleventh assignment of error, defendant assigns error to the denial of his motion for judgment of acquittal on the third-degree assault count. We reject that assignment without written discussion.

Thus, a single conviction should have been entered on Count 31 for Counts 26 and 31; on Count 32 for Counts 27 and 32; and so on. Counts 31 to 35, 46, and 47 are the counts on which the conviction for each pair of counts should have been entered, as those counts are the more serious offenses. See OAR 213-017-0002(6) (first-degree rape involving victim under 12 is crime category 10); OAR 213-017-0003(6) ; ORS 144.103 (requiring lifetime post-prison supervision term for first-degree rape of victim under 12 if defendant was at least 18 at time of offense); State v. Breshears , 281 Or. App. 552, 559 n. 4, 383 P.3d 345 (2016) (when offenses merge, conviction is entered on the more serious offense).

ORS 163.405 (2007) has since been amended. Or. Laws 2017, ch. 318, § 5. All references in this opinion are to the 2007 version.

Similarly to the first-degree rape counts discussed above, the counts that included the allegation that the victim was under the age of 12 and that defendant was at least 18 at the time of the offenses (Counts 16 to 25), are the more serious counts on which the conviction for each pair should have been entered. OAR 213-017-0002(7) ; OAR 213-017-0003(7) ; ORS 144.103.