804 April 10, 2024 No. 226

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GAVIN LLOYD KLUSENDORF,
*Defendant-Appellant.*

Washington County Circuit Court
20CR47103; A178616

Andrew Erwin, Judge.

Submitted October 3, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Defendant appeals from a judgment of conviction for two counts of first-degree unlawful sexual penetration, ORS 163.411, and two counts of first-degree sexual abuse, ORS 163.427. On appeal, defendant raises three assignments of error. He first assigns error to the trial court's denial of defendant's request for a less-satisfactory-evidence instruction when the detective did not record her interview with defendant, even though she had access to recording devices. Next, defendant assigns error to the trial court allowing the detective's testimony telling the defendant that she was able to corroborate much of the victim's disclosure, as defendant argues this constituted improper vouching testimony. Lastly, defendant assigns error to the trial court admitting evidence under OEC 404(3) of defendant picking up the victim, E, by the crotch while they played to show E's state of mind. On all assignments, we affirm.

We reject defendant's first assignment of error because the less-satisfactory-evidence instruction is not appropriate when better evidence is not "reasonably available" during discovery. *State v. West*, 289 Or App 415, 418, 410 P3d 382 (2017). We reject defendant's second assignment of error because the Supreme Court and we have previously concluded that statements offered "as context for the responses that those statements elicited" are not inadmissible as vouching. *State v. Chandler*, 360 Or 323, 334, 380 P3d 932 (2016) (internal quotation marks omitted); *see also State v. Peterson*, 291 Or App 573, 578, 422 P3d 421 (2018) (holding that statements providing "relevant context for the victim's emotional reaction" were not "offered for the truth of the credibility opinion that it expresses," and thus, were admissible).

As to the third assignment of error, defendant argues that the evidence at issue was prohibited by OEC 404(3) because it was used to bolster E's credibility and required inferences regarding defendant's propensity to commit the charged crime. We review the admissibility of other-acts evidence under OEC 404(3) for legal error. *State v. Travis*, 320 Or App 460, 462, 513 P3d 614 (2022). Whether the other-acts evidence is admissible but "should be excluded

as unfairly prejudicial under OEC 403 is reviewed for abuse of discretion." *Id*. Other-acts evidence is admissible "to prove any relevant fact other than that a person has a propensity to commit certain acts and acted in accordance with that propensity on a particular occasion." *State v. Skillicorn*, 367 Or 464, 482, 479 P3d 254 (2021). To demonstrate that the evidence is admissible, the proponent must establish "'a theory of relevance'" and articulate how that theory "'does not depend on the actor's'" propensity to commit the charged crime. *State v. Taylor*, 326 Or App 396, 398-99, 532 P3d 502 (2023) (quoting *State v. Jackson*, 368 Or 705, 733, 498 P3d 788 (2021)).

Here, the state's proffered theory of relevance for the evidence was to show E's state of mind after the abuse. The state argued that E felt "mad, sad, and uncomfortable" when the defendant, while playing with E and her cousin, picked E up by her crotch and armpit and carried her around. We conclude that the trial court did not err in finding that E's state of mind was at issue in the case because other evidence was presented to show that E was acting out, wetting the bed, and engaging in self-harm, and the defense's cross examination attempted to posit an alternative reason for the behavior.[1] The state aimed to demonstrate E's lack of comfort around defendant and with his physical touch, even in a playful setting, to tie her behavioral issues to the abuse.

We have previously held that other-acts evidence under OEC 404(3) is permissible to prove any theory of relevance, so long as the theory "does not logically depend on propensity reasoning." *State v. Nolen*, 319 Or App 703, 708, 511 P3d 1110 (2023) (citing *State v. Martinez*, 315 Or App 48, 52-54, 499 P3d 856 (2021) (internal quotations marks omitted)). To show that the evidence did not depend on propensity reasoning, the state must have "articulate[d] the chain of inferences that ma[de] the evidence relevant to that purpose and explain[ed] how that chain of inferences d[id] not depend on the actor's character." *Jackson*, 368 Or at 733. Here, we conclude that the court did not err in holding that the state met its burden. According to the state,

---

[1] *See State v. Pitt*, 352 Or 566, 576, 293 P3d 1002 (2012) ("In examining evidence to be admitted under the categories of exceptions to OEC 404(3), a trial judge first must determine whether the prior act is relevant to the issues being tried.").

the evidence was offered to show that E was uncomfortable playing with defendant, "where even the most subtle of contact, in her heart, made her feel mad and sad * * * because 'it happened again.'" That logical pathway did not rely on any negative inferences as to defendant's propensity to commit the charged crime.[2] Therefore, the evidence is permissible nonpropensity evidence under OEC 404(3).

Additionally, we conclude that the trial court did not abuse its discretion when it held that the evidence was substantially more probative than prejudicial under OEC 403. Defendant contends that the evidence suggested he was inappropriate with E and would encourage the jury to draw negative inferences about his character. Because the evidence had the potential to be prejudicial, the trial judge opted to provide a limiting instruction to the jury, stating that the evidence was not to be considered another act of abuse; rather, it was offered to demonstrate E's "continued view of the * * * relationship between her and the defendant, and for its effect on that, if any."[3] Given the judge's limiting instruction and the evidence's relevance to a fact at issue in the case, we conclude that the trial court did not abuse its discretion when allowing the evidence under OEC 403.

Thus, the trial court did not err in allowing the other-acts evidence under OEC 404(3) and OEC 403.

Affirmed.

---

[2] *See, e.g., State v. Herring*, 331 Or App 193, 215-16, ___ P3d ___ (2024) (holding that the trial court did not err in admitting evidence that was "relevant without resort to speculation"); *Jackson*, 368 Or at 716-17 (stating that whether relevant evidence is admissible depends on both "the ultimate fact that the proponent seeks to prove" and the chain of inferences necessary to connect the evidence to the ultimate fact not relying on propensity of the defendant); *Taylor*, 326 Or App at 408-09 (holding that relevant evidence that does not require a propensity bridge is admissible to show a defendant's plan).

[3] *See State v. Brown*, 272 Or App 424, 432-33, 355 P3d 216, *rev den*, 358 Or 145 (2015) (holding that a limiting instruction can mitigate risk of unfair prejudice).