No. 108 February 19, 2026 199

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN EDWARDS MARKS,
*Defendant-Appellant.*

Lane County Circuit Court
201416553; A183153

Charles M. Zennaché, Judge.

Submitted July 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction and sentence for two counts of first-degree sexual abuse (Counts 3 and 6) and one count of attempted second-degree rape (Count 5), all committed against his step-granddaughter. The judgment on appeal, which was issued after we remanded the case for resentencing, includes the imposition of a $25,000 compensatory fine on each of the sexual abuse convictions, for a total of $50,000. On appeal, defendant challenges the imposition of the fines and designation of the fines as compensatory, payable to the victim's mother. As explained below, we conclude that the sentencing court provided a logical, nonvindictive reason to support imposition of the compensatory fines as part of a package that included a total term of incarceration that was shorter than the originally imposed term. Accordingly, we affirm.

This case has a long and somewhat complicated history. In 2014, a jury found defendant guilty of first-degree unlawful sexual penetration (Count 1), three counts of first-degree sexual abuse (Counts 2, 3, and 6), and second-degree rape (Count 5). Two of the first-degree sexual abuse guilty verdicts merged with other counts. Defendant was sentenced to a term of imprisonment for 300 months on Count 1, 75 months on Count 2, 75 months on Count 5 (to be served consecutively to Count 2), and a total of $600 in fines and $730.95 in restitution. Defendant appealed but later dismissed the appeal.

Subsequently, defendant sought post-conviction relief. The post-conviction court granted relief, ordering that defendant be retried. At the 2019 retrial, defendant waived his right to a jury and was tried to the court. After a bench trial, the trial court acquitted him on Count 1 and convicted him of the other counts listed above, except that, on Count 5, he was convicted of attempted second-degree rape rather than the completed offense. Following the retrial, defendant was sentenced to 75 months' imprisonment and $25,000 as a compensatory fine on each of the first-degree sexual abuse guilty verdicts, Counts 3 and 6, with 28 months of the sentence on Count 6 to run consecutively to Count 3. Defendant was also sentenced to 14 months' imprisonment

on Count 5, concurrent with Count 6. Defendant appealed. We remanded the case for resentencing because the court had imposed the $25,000 compensatory fines on Counts 3 and 6 without evidence of economic loss. *State v. Marks*, 319 Or App 641, 510 P3d 914 (2022).

At the 2023 resentencing, which is the subject of this appeal, the trial court reimposed the compensatory fines on Counts 3 and 6 after finding, based on evidence presented at that resentencing hearing, that the victim's mother had paid for medical and counseling services and related costs for the victim as a result of defendant's offenses. Defendant argued, relying on *State v. Partain*, 349 Or 10, 239 P3d 232 (2010), that the court was imposing a harsher sentence on remand, based on the substantial increase in the amount of financial obligations. The court explained that the increased fines were not intended to punish defendant for exercising his right to appeal or for successfully challenging his convictions through the post-conviction relief process. It further explained that it had imposed the fines because defendant's overall sentence had been reduced—due to his acquittal on Count 1 on retrial—from 25 years to eight and a half years. That would allow defendant, after his release, to pay the fines "at some point in the future and contribute to the future." The court also noted that the fines had already been paid from the $95,000 security that defendant's wife had posted with the court.[1]

In four assignments of error, defendant challenges the trial court's imposition of the $25,000 compensatory fines on Counts 3 and 6. Specifically, defendant assigns error to the trial court's imposition of a fine of $25,000 on Count 3 and on Count 6 (first and second assignments of error, respectively),

---

[1] At the sentencing hearing, there was evidence that defendant and his wife regarded those funds as a loan from family and community members and that he and his wife intended to repay the people who had contributed. When defendant's wife testified about how the funds were obtained, however, she referred multiple times to family and community members having "donated," and explained that she had reached out for help getting defendant home pending his retrial because he had suffered a massive stroke. There was no evidence that defendant had an obligation—rather than just an intention—to repay the funds. The trial court found that the funds were available to defendant as part of his financial resources. *See State v. Morales*, 367 Or 222, 234, 476 P3d 954 (2020) (explaining considerations for determining whether funds posted as security by a third-party can be considered financial resources of the defendant).

and he assigns error to the imposition of a compensatory fine in the amount of $25,000 on each of the two counts (third and fourth assignments). Defendant argues, based on *Partain*, that after his retrial, the trial court violated the Due Process Clause by increasing the fines compared to his original sentence.[2] He also argues that the fines are constitutionally disproportionate, in violation of the Eighth Amendment to the United States Constitution, and Article I, section 16, of the Oregon Constitution. And finally, defendant contends that the trial court abused its discretion by making the fines entirely compensatory fines payable to the victim's mother. As noted, we affirm the trial court's judgment.

It is a violation of a defendant's due process rights for a court to vindictively impose a more severe sentence after the defendant has succeeded in challenging a conviction. *State v. Reinke*, 289 Or App 10, 15, 408 P3d 249 (2017), *rev den*, 362 Or 665 (2018). When a defendant raises such a claim, we apply a two-step analysis to determine whether the new sentence is unconstitutionally vindictive. First, we must determine whether the new sentence is more severe than the first sentence. *Id.* at 16-17. Second, if the new sentence is more severe, it will be considered vindictive unless the sentencing court articulates on the record "a wholly logical, nonvindictive reason for the more severe sentence." *Id.* at 16 (internal quotation marks omitted). When we compare the sentences, we must consider the sentencing package, not the sentences on each individual count. *State v. Febuary*, 361 Or 544, 561-62, 396 P3d 894 (2017). If a defendant is

---

[2] *Partain* applies when a defendant is sentenced after a successful appeal or retrial, providing a framework for ensuring that the defendant is not punished for the exercise of the right to appeal. Here, defendant had been granted post-conviction relief, after which he had a new trial and sentence. Defendant then appealed that sentence, challenging the imposition of compensatory fines on Counts 3 and 6, among other contentions. *Marks*, 319 Or App at 642. Defendant did not argue that the sentence after retrial was vindictive. As noted earlier, this appeal is from the remand required by *Marks*, in which we reversed the compensatory fines and remanded for resentencing. *Id.* at 646-47. Thus, the successful appeal at issue in the typical *Partain* analysis would be the one leading to the remand for resentencing. That is, ordinarily, the sentence to be compared under *Partain* would be the immediately preceding imposed sentence. The trial court reimposed that sentence on remand, and defendant has not argued that the sentence in the judgment from which defendant now appeals is more severe than the one he appealed in *Marks*. We assume without deciding that defendant can challenge his sentence in this fashion, comparing his sentence before he obtained postconviction relief to the sentence reimposed in the judgment on appeal.

unable to establish the presumption of improper motive, the defendant may show a due process violation by affirmatively proving actual vindictiveness, as explained in *Wasman v. United States*, 468 US 559, 569, 104 S Ct 3217, 82 L Ed 2d 424 (1984), with proof that an improper motive—such as statements by the judge demonstrating actual vindictiveness—caused the "more severe" subsequent sentence. *Febuary*, 361 Or at 557-58.

Defendant does not explain how the entire sentencing package is more severe than his original sentence of 300 months of imprisonment and $1,330.95 in fines and restitution. He focuses only on the increase in fines and seems to suggest that the decrease in total incarceration should not be considered because it was the result of his acquittal on Count 1. In *Febuary*, however, the Supreme Court explained that "a sentence is 'more severe' when the total length of the second sentence exceeds that of the first, regardless of the counts of conviction." *Id.* at 563. That is not the case here. Even if we were to factor in the increased fines, it is not apparent that an eight-and-a-half-year sentence with $50,000 in compensatory fines that have already been paid is "more severe" than a 25-year sentence with $1,330.95 in fines and restitution. That is, we cannot conclude that a 25-year sentence with lower fines—resulting in defendant's incarceration for approximately an additional 17 years—would be a lesser sentence. Under these circumstances, there is no presumption of vindictive sentencing, which means defendant would have to show that the sentence imposed was actually vindictive. Defendant has not made that showing here.

As noted earlier, the sentencing court explained on the record that, when defendant had been sentenced to 25 years' imprisonment, there was little likelihood that he would be able to pay any substantial fine. However, after the court acquitted him on Count 1 and defendant's sentence decreased to just over eight and a half years, there was a possibility that he could earn money to contribute to the fines "at some point in the future." That explanation constitutes a logical, non-vindictive reason to support imposition of the compensatory fines as part of a package that included a prison term that was about one third as long as the original term.

Defendant also makes constitutional proportionality arguments that imposition of the fines violated the state and federal constitutions. The state contends that those arguments are unpreserved and do not constitute plain error. We agree with the state's argument. It is not obvious and not beyond reasonable dispute that the fines imposed in this case violate either the Eighth Amendment to the United States Constitution or Article I, section 16, of the Oregon Constitution. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (explaining that, for "an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences").

First-degree sexual abuse is a Class B felony. ORS 163.427. The legislature has authorized punitive fines of up to $250,000 for each Class B felony offense. ORS 161.625(1)(c). Defendant argues that it is plain that the fines "bear no rational relationship to valid penological goals" and that "the record demonstrates that defendant does not have an ability to pay the fines or repay his friends and family while remaining financially self-sufficient." Those contentions are also not beyond reasonable dispute and are not apparent on the record. The trial court explained why it considered the offenses to be particularly reprehensible, warranting the imposition of the fines. The court also found that defendant had assets that might be available to help pay the fines, and that the $95,000 posted as security for defendant was available for his use. There was evidence in the record to support those findings. Because defendant's Eighth Amendment and Article I, section 16, arguments were not preserved and do not constitute plain error, we do not further address them.

Similarly, we conclude that defendant did not preserve his challenge to the designation of the fines, and his contention does not meet the requirements for plain-error review. *See, e.g.*, *State v. Serrano*, 355 Or 172, 182, 324 P3d 1274 (2014), *cert den*, 576 US 1037 (2015) (concluding that, because the court had "never had that issue before it for resolution," the defendant had not demonstrated that the legal point was "obvious" for purposes of plain-error review).

        In short, defendant has not convinced us that the trial court erred when it reimposed $25,000 fines on Counts 3 and 6 on resentencing. Accordingly, we reject each of defendant's assignments of error and affirm.

        Affirmed.